## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF RHODE ISLAND (Providence)

| In Re:<br>Bilerka Bordas (aka Bilerka Berreondo) | Case Number 16-11434-DF<br>Chapter 13 |
|---|---|

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR IXIS REAL ESTATE CAPITAL TRUST 2006-HE3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-HE3
AND/OR ITS SUCCESSORS AND ASSIGNS,

        Movant.

v.

BILERKA BORDAS,

        Debtor.

### MOTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR IXIS REAL ESTATE CAPITAL TRUST 2006-HE3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-HE3 FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT TO 11 U.S.C. SECTION 1301(c) AND FOR LEAVE TO FORECLOSE MORTGAGE AND MEMORANDUM IN SUPPORT THEREOF

    Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3 (hereinafter referred to as the "Movant"), a secured creditor, hereby moves this Court for Relief from the Co-Debtor Stay pursuant to 11 U.S.C. Section 1301(c) and for leave to foreclose a certain mortgage encumbering the property owned by the Debtor and by the Co-Debtor, Alvaro Berreondo, known as *29 Georgia Avenue, Providence, RI 02905*. In support of this Motion, Movant states as follows:

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code (the "Bankruptcy Code"). This proceeding is a "core" proceeding as this term is defined in the Code.

2.     On August 18, 2016, Bilerka Bordas (hereinafter referred to as the "Debtor") filed a voluntary Chapter 13 Petition in Bankruptcy. The Plan was confirmed on November 28, 2016.

3.     Movant is the current holder of a certain mortgage given by the Debtor and by Alvaro Berreondo (hereinafter referred to as the "Co-Debtor") to Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for First NLC Financial Services, LLC in the original principal amount of $272,000.00 dated May 8, 2006, and recorded with the City of Providence Land Evidence

Records in Book 8042, Page 331 (the "Mortgage").  A copy of the Mortgage is attached hereto as <u>Exhibit A</u>.

4. The Mortgage secures a promissory note of even date and original principal amount given by the Debtor and the Co-Debtor to First NLC Financial Services, LLC (the "Note") of which Movant is the current holder.  A copy of the Note is attached hereto as <u>Exhibit B</u>.

5. Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for First NLC Financial Services, LLC assigned the Mortgage to Deutsche Bank National Trust Company, as Trustee for IXIS 2006-HE3 by assignment dated September 10, 2008 and recorded with the City of Providence Land Evidence Records in Book 9209, Page 299, a copy of which is attached hereto as <u>Exhibit C</u>.  Deutsche Bank National Trust Company, as Trustee for IXIS 2006-HE3, in turn, assigned the Mortgage to Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2006-HE-3 by assignment dated May 28, 2009 and recorded with the City of Providence Land Evidence Records in Book 9429, Page 149, a copy of which is attached hereto as <u>Exhibit D</u>.  Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2006-HE-3, in turn, assigned the Mortgage to Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3 by assignment dated March 9, 2011 and recorded with the City of Providence Land Evidence Records in Book 9954, Page 137, a copy of which is attached hereto as <u>Exhibit E</u>.  The current loan servicer for the Movant is Ocwen Loan Servicing, LLC.

6. The Mortgage encumbers real property known as *29 Georgia Avenue, Providence, RI 02905* (hereinafter referred to as the "Property").  Copies of the Mortgage and Note are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u> respectively.  The Mortgage is in first lien position.  Aside from the Property, there is no other collateral securing the Debtor's obligation to Movant.

7. The Debtor and Co-Debtor have defaulted on the Note and Mortgage by failing to make post-petition payments to Movant.

8. As of March 31, 2017, the balance due Movant on the Note was approximately $144,609.69 (may not include negative escrow balances or recent escrow advances).  The full amount of the Movant's claim together with allowable post-petition interest, reasonable attorney fees, court costs, and other recoverable expenses is secured by the Mortgage.

9. According to the Debtor's Schedules, the fair market value of the Property is $149,300.00.  Accepting the Debtor's valuation for purposes of this motion only, the liquidation value of the Property is $140,648.22 based upon a usual and customary broker's commission of $7,465.00 (5% of stated fair market value), deed stamps of $686.78, and $500.00 in miscellaneous estimated closing costs.

10. As of March 31, 2017, Movant has not received any post-petition mortgage payments from either the Debtor or the Co-Debtor since the payment credited to the October 1, 2016 post-petition due date. The current monthly payment is $884.58, subject to such subsequent adjustment as may be specified in the Note.

11. As of March 31, 2017, Debtor and Co-Debtor owed Movant a total post-petition arrearage of $4,377.45 calculated as follows:

| | |
|---|---:|
| - 1 monthly payment (11/01/16 - 11/01/16) at $839.13/mo. | $839.13 |
| - 4 monthly payments (12/01/16 - 03/01/17) at $884.58/mo. | $3,538.32 |
| Total Post-Petition Arrearage | $4,377.45 |

12. The pre-petition arrearage owed to the Movant as of the filing date of the petition was $19,752.41.

13. In addition to the Mortgage to Movant, there are outstanding liens on the Property as follows:

| Lien | Type | Amount | Book/Page |
|---|---|---|---|
| Movant | 1st Mortgage | $144,609.69 | 8042/331 |

The total of all liens on the Property is approximately $144,609.69.

14. Movant is entitled to relief from the Co-Debtor stay pursuant to 11 U.S.C. Section 1301(c) in that the Debtor's mortgage account with Movant is now five (5) months delinquent post-petition.

15. Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3 (hereinafter referred to as the "Noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the Noteholder. The Noteholder has the right to foreclose because Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.

16. **Within twenty (20) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

WHEREFORE, Movant requests that this Honorable Court:

(a) Grant Movant Relief from the Co-debtor Stay pursuant 11 U.S.C. Section 1301(c), and for leave to Foreclose Mortgage, allowing Movant, its successors or assigns to foreclose said mortgage (including, at its sole option, leave to accept a deed-in-lieu of foreclosure from the Debtor and/or the Co-Debtor, their heirs, successors, assigns or transferees); and for it or a third party purchaser to prosecute summary process proceedings to evict any persons residing in the Property. Movant also seeks relief from the Co-Debtor Stay to pursue the Co-Debtor via such collection methods as are authorized by law for any deficiency that may result from Movant's foreclosure sale of the Property.

(b) In the alternative, order Debtor to provide Movant with adequate protection of its claim; and

(c) Grant such other Relief as this Honorable Court may deem just.

Date: April 17, 2017

    Respectfully submitted,
Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3
By its attorney,

/s/ Catherine V. Eastwood
Catherine V. Eastwood, Esquire
RI# 6406
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
ceastwood@kordeassociates.com
bankruptcy@kordeassociates.com